KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
————
(202) 326-7900

FACSIMILE:
(202) 326-7999

December 19, 2025

*With one modification (expert discovery cut off adjusted to October 9, 2026), the schedule proposed by plaintiff for the four listed cases is ADOPTED.*

*SO ORDERED*
*[signature] USDJ*
*12-23-25*

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)
*file in each case →* [rel. 1:25-cv-07194 (PKC); 1:25-cv-07409 (PKC); 1:25-cv-07697 (PKC);
1:25-cv-08630 (PKC)]

Dear Judge Castel:

Pursuant to the Court's order, *see* Dkt. Nos. 1209, 1241, we write on behalf of Dotdash Meredith Inc. a/k/a People Inc. and Meredith Operations Corporation (together, "People Inc."), Insider, Inc., Slate Group LLC, and CMI Marketing, Inc. ("Premium Publishers") to propose an expert discovery schedule in the above-captioned cases. The next case management conference is scheduled for February 18, 2026.

Premium Publishers respectfully propose the following expert discovery schedule:

| Event | Date |
|---|---|
| Plaintiffs' Opening Expert Reports | April 13, 2026 |
| Defendants' Responsive Expert Reports | June 18, 2026 |
| Plaintiffs' Rebuttal Expert Reports | August 3, 2026 |
| Expert Discovery Cutoff | ~~September 14~~, 2026 *(October 9)* |

This schedule is similar to, but meaningfully shorter than, the expert discovery schedule previously used in this MDL. Premium Publishers propose 66 days for opening and responsive reports.[1] The Court previously ordered 98 days and 71 days, respectively, including all extensions. *See* Dkt No. 394; Dkt. No. 880. Premium Publishers also propose 46 days for rebuttal reports; the Court previously ordered 67 days. Finally, Premium Publishers propose 42

---

[1] Premium Publishers respectfully request 66 days for opening reports to accommodate the Passover holiday, which concludes on April 9, 2026.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable P. Kevin Castel
December 19, 2025
Page 2

days for depositions after rebuttal reports are submitted; the Court previously ordered 58 days.
*See* Dkt. No. 899; Dkt. No. 926.

The above proposal is readily achievable by all parties. Premium Publishers intend to
rely on one shared set of experts, likely numbering 5 or 6 experts. Further, most of those experts
filed reports on behalf of Daily Mail and Gannett during the prior round of expert discovery.
Likewise, Google informed Premium Publishers yesterday that it "currently anticipates serving
5-6 expert reports in your clients' cases and that Google currently anticipates using some of the
same experts as it did in the Daily Mail and Gannett cases." Ex. A at 1. Accordingly, the parties
are prepared to proceed on the schedule proposed above.

Google's proposed schedule, by contrast, introduces months of delay and needless
complication. Although Google previously asked the Court to start expert discovery "after the
close of fact discovery" in Premium Publishers' cases, Dkt. No. 1201, Google informed
Premium Publishers yesterday that it now proposes to start expert discovery only "after the end
of fact discovery in the *competitor cases*," Ex. A at 1 (emphasis added), i.e., the cases transferred
to this court by the JPML a few days ago, *see* Dkt. No. 1280. Thus, under Google's proposal,
Premium Publishers would complete fact discovery in roughly four months, only to achieve
nothing else for many months until other cases complete their separate fact discovery. Those
other cases, moreover, have not proposed fact discovery schedules to the Court, and Premium
Plaintiffs do not know what motions practice Google intends to pursue – much less whether
Google will oppose discovery in the competitor cases while those motions are pending.

The Court already rejected Google's request to delay fact discovery for the competitor
cases, *see* Dkt. No. 1209, and it likewise should reject their request to delay expert discovery,
too. Each competitor case intends to pursue fact and expert discovery that are substantially
different from the discovery pursued by publishers in the MDL. For example, one exchange
competitor, OpenX, told the JPML: "OpenX has different discovery needs than those of the
MDL plaintiffs." JPML Dkt. No.[2] 303-1 at 11. Other competitors have said much the same. *See*
JPML Dkt. No. 322-1 at 18 ("additional discovery Magnite might seek would not be related to
the common factual questions in the MDL"); *id.* ("the Ad Exchange Plaintiffs will have
extensive but entirely separate discovery needs"); JPML Dkt. No. 323-1 at 13 ("the focus of
discovery in PubMatic's case will differ materially from the focus of discovery in the publishers'
cases"). Waiting for these cases will take months – maybe even a year or more – with little
efficiency to be gained from the delay.

Even apart from its severely delayed start date, Google's proposed schedule is overlength
and one-sided. It proposes 90 days to file responsive reports – twice the 45 days it would allot
Premium Publishers for their opening reports – because Premium Publishers supposedly "have
had many months or years to develop affirmative arguments." Ex. A at 1. But, as the Court is

---

[2] "JPML Dkt. No." refers to documents filed in *In re Google Digital Advertising Antitrust
Litigation*, No. 3010 (J.P.M.L.).

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable P. Kevin Castel
December 19, 2025
Page 3

aware, Google has litigated these ad tech cases for years, recycling its expert work across cases.
*See, e.g.*, Dkt. No. 1190 at 4 ("Google has used the same expert, Dr. Mark Israel, in both this
MDL and the E.D. Va. Action"). Premium Publishers do not have a head start. Prior practice,
moreover, cuts decisively against Google's proposed schedule. Previously, the Court set the
same time period for opening reports and responsive reports, *see* Dkt. No. 394, and then
extended the deadlines so that Plaintiffs had 98 days for opening reports and Google had 71 days
for responsive reports, *see supra* p. 1. The Court never has ordered a double-length period for
Google. Further, the Court previously set 58 days for depositions – two days fewer than what
Google requests now – when there were 26 disclosed experts. *See* Dkt. No. 905. Now, there are
substantially fewer experts, and 42 days is ample time to take those depositions.

Premium Publishers respectfully request that the Court enter their proposed schedule
above, which is consistent with prior practice and the efficient fact discovery schedule already
entered by the Court.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable P. Kevin Castel
December 19, 2025
Page 4

Respectfully submitted,

/s/ *John Thorne*

John Thorne
Daniel G. Bird
Bethan R. Jones
Christopher C. Goodnow
Daniel S. Severson
Mark P. Hirschboeck
Eliana Margo Pfeffer
Eric J. Maier
Sven E. Henningson
Jonathan I. Liebman
Jared Stehle
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.
1615 M Street NW, Suite 400
Washington, DC 20036
Tel.: (202) 326-7900
Fax: (202) 326-7999
Email: jthorne@kellogghansen.com
  dbird@kellogghansen.com
  bjones@kellogghansen.com
  cgoodnow@kellogghansen.com
  dseverson@kellogghansen.com
  mhirschboeck@kellogghansen.com
  epfeffer@kellogghansen.com
  emaier@kellogghansen.com
  shenningson@kellogghansen.com
  jliebman@kellogghansen.com
  jstehle@kellogghansen.com

*Counsel for Counsel for Dotdash Meredith Inc.,*
*Meredith Operations Corporation, Insider, Inc.,*
*Slate Group LLC, and CMI Marketing, Inc.*

cc:  All Counsel of Record via ECF

# Exhibit A

| | |
|---|---|
| **From:** | BOSCO, Veronica <Veronica.Bosco@freshfields.com> |
| **Sent:** | Thursday, December 18, 2025 5:14 PM |
| **To:** | Goodnow, Christopher C.; Maier, Eric J.; Thorne, John; Bird, Daniel G. |
| **Cc:** | EWALT, Andrew (AJE); SESSIONS, Justina (JKS); HENDERSON, Andrew; creiser; Bradley Justus; Ali Vissichelli |
| **Subject:** | [EXTERNAL] RE: In re Google Digital Advertising Antitrust Litigation - Expert Discovery Schedule |

Chris,

Based on the representations in your email, we can confirm that Google currently anticipates serving 5-6 expert reports in your clients' cases and that Google currently anticipates using some of the same experts as it did in the Daily Mail and Gannett cases. Please note that the number of experts and the identity of those experts may change, depending on how fact discovery progresses, the expert reports that plaintiffs serve, and/or other factors.

Google does not agree to the schedule proposed by plaintiffs for several reasons.

First, as we have consistently maintained, expert discovery in your clients' cases should be coordinated with expert discovery in the cases that Google's competitors originally filed in EDVA but that have now been transferred to or refiled in SDNY. See ECF No. 1199 ¶ 10; see also ECF No. 1280. Although the Court declined to align the schedules for fact and expert discovery while the competitor cases were pending in EDVA, its decision to require the parties to submit proposed schedules for expert discovery tomorrow— soon after the JPML was expected to rule—recognized that it might be appropriate to align expert discovery schedules across all cases after the JPML ruled. See ECF No. 1209 ¶ 7. On December 4, I explained that Google's position on the expert discovery had not changed—that is, that the schedule that Google "proposed to the Court on 9/30 (ECF 1199 ¶ 10) is an appropriate schedule." Despite my request that plaintiffs share their position in advance of our meet and confer on December 16, plaintiffs did not provide their position until after the meet and confer. Having now considered that position, Google continues to believe that it would be more efficient for expert discovery in your clients' cases to be coordinated with expert discovery in the competitor cases, especially now that it is clear that all cases will be proceeding in the same court. Aligning the expert discovery schedules across cases will allow the parties' experts to formulate their opinions with the benefit of discovery assembled not only in your clients' cases, but also in the competitor cases. Even greater efficiencies could be achieved if fact discovery is coordinated across the cases. To permit coordination, Google believes that expert discovery should not commence until after the end of fact discovery in the competitor cases.

Second, regardless of when expert discovery begins, the scheduling order should specify the number of days between each event, rather than specify the exact dates for certain events. As your email recognizes in proposing a "60/60/45/40 schedule," phrasing deadlines in terms of the number of days between events makes crystal clear how much time should be allotted to each phase of expert discovery. It also results in greater flexibility because the expert discovery schedule would not need to be amended if antecedent deadlines are adjusted.

Third, Google should receive more than 60 days to respond to plaintiffs' expert reports. Because plaintiffs' counsel and their experts have had many months or years to develop affirmative arguments based on the voluminous discovery record, it would be unfair to limit Google to only 60 days to formulate its responses. The unfairness would multiply if Google were responding not only to your experts, but also to the competitor plaintiffs' experts during the same period.

Fourth, Google cannot agree to a schedule that includes only 40 days for expert depositions. The first two weeks after service of rebuttal reports likely will be devoted to analyzing those reports. Moreover, the parties currently anticipate deposing a total of 10-12 experts in your clients' cases alone, and it would unnecessarily compress the schedule to squeeze even those depositions into a 3-4 week period.

Scheduling would become even more difficult if expert depositions in the competitor cases were to take place during the same period.

Fifth, any scheduling order should recognize that unforeseen circumstances may arise and that the scheduling order may need to be amended.

To address each of these issues, Google proposes the following:

1. Plaintiffs will serve any opening expert reports within 45 days of the close of fact discovery in the competitor cases.
2. Defendants will serve any responsive expert reports by 90 days after the deadline for service of Plaintiffs' opening expert reports.
3. Plaintiffs will serve any rebuttal expert reports by 60 days after the deadline for service of Defendant's responsive expert reports.
4. All expert discovery shall be completed by 60 days after the deadline for service of Plaintiffs' rebuttal reports.
5. The parties may request amendment to the schedule for good cause.

We are available to meet and confer about these issues.

Best,
Veronica

---

**From:** Goodnow, Christopher C. <cgoodnow@kellogghansen.com>
**Sent:** Tuesday, December 16, 2025 10:32 AM
**To:** BOSCO, Veronica <Veronica.Bosco@freshfields.com>; Maier, Eric J. <emaier@kellogghansen.com>; Thorne, John <jthorne@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>
**Cc:** EWALT, Andrew (AJE) <Andrew.Ewalt@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; HENDERSON, Andrew <Andrew.Henderson@freshfields.com>; creiser <creiser@axinn.com>; Bradley Justus <bjustus@axinn.com>; Ali Vissichelli <avissichelli@axinn.com>
**Subject:** RE: In re Google Digital Advertising Antitrust Litigation - Expert Discovery Schedule

Veronica:

As we just discussed on the meet and confer, the Premium Publishers will share the same experts in their cases and plan to rely on 5-6 of them.  The current plan is that most of those experts will be the same as the experts used in Daily Mail's and Gannett's cases.  Please let us know how many experts Google currently expects to use and whether Google intends to rely on the same set of experts as it did in Daily Mail's and Gannett's cases.  That could impact the schedule we'll propose to the Court.

As we also discussed, for now, the Premium Publishers propose a 60/60/45/40 schedule (roughly) for expert discovery.  See the below table that compares our proposed dates to yours.  We propose a 45-day turnaround for reply reports on the expectation that Google will disclose a substantially overlapping set of experts as in Daily Mail's and Gannett's cases.

| Event | Premium Publishers' Date | Google Date |
|---|---|---|
| Opening Reports | April 9 | March 23 |
| Opposition Reports | June 10 | June 22 |
| Reply Reports | July 24 | August 21 |
| Depositions conclude | August 31 | October 20 |

Finally, we agree that the parties should file separate letters with the Court on Friday if we cannot reach agreement this week.

Please let us know Google's position. We're around this week to meet and confer again if necessary or helpful.

Regards,
Chris

**Christopher C. Goodnow**
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7907

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** BOSCO, Veronica <Veronica.Bosco@freshfields.com>
**Sent:** Monday, December 8, 2025 8:21 PM
**To:** Maier, Eric J. <emaier@kellogghansen.com>; Thorne, John <jthorne@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Goodnow, Christopher C. <cgoodnow@kellogghansen.com>
**Cc:** EWALT, Andrew (AJE) <Andrew.Ewalt@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; HENDERSON, Andrew <Andrew.Henderson@freshfields.com>; creiser <creiser@axinn.com>; Bradley Justus <bjustus@axinn.com>; Ali Vissichelli <avissichelli@axinn.com>
**Subject:** [EXTERNAL] RE: In re Google Digital Advertising Antitrust Litigation - Expert Discovery Schedule

Hi Eric,

We wanted to follow up on the below. Despite not having heard anything from plaintiffs regarding their position on an appropriate schedule for expert discovery, we are still making our best efforts to comply with the Court's order for the parties to meet and confer ahead of next week's deadline. To that end, we would still like to meet and confer even if plaintiffs refuse to provide their position in writing ahead of any such meet and confer.

During the meet and confer, we would like to discuss the following points:
1. Do People, Business Insider, Slate, and Raptive plan to use all of the same experts in all of their cases?
2. On how many experts do plaintiffs plan to rely in each of their cases?
3. When will plaintiffs propose a schedule for expert discovery?

If, after meeting and conferring, the parties are unable to agree on a schedule for expert discovery, we would propose that plaintiffs and Google each file a letter with the Court describing that side's position and attaching a proposed order.

We are available to meet and confer on December 9 from 4-5:30 PM ET, December 10 from 9-11 AM ET or 4-5 PM ET, December 11 from 9-11:30 AM ET, or December 12 from 1-4 PM ET. Please let us know if plaintiffs will agree to meet and confer at any of these times, or if you plan to propose alternative times.

Best,
Veronica

**From:** BOSCO, Veronica
**Sent:** Thursday, December 4, 2025 3:09 PM
**To:** Maier, Eric J. <emaier@kellogghansen.com>; Thorne, John <jthorne@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Goodnow, Christopher C. <cgoodnow@kellogghansen.com>
**Cc:** EWALT, Andrew (AJE) <Andrew.Ewalt@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; HENDERSON, Andrew <Andrew.Henderson@freshfields.com>; Reiser, Craig M.

<creiser@axinn.com>; Bradley Justus <bjustus@axinn.com>; Ali Vissichelli <avissichelli@axinn.com>
**Subject:** In re Google Digital Advertising Antitrust Litigation - Expert Discovery Schedule

Hi Eric,

We wanted to circle back with you regarding plaintiffs' position on an expert discovery schedule in advance of the Court's 12/19 deadline to submit a joint proposed schedule. As previously discussed, we believe that the position we proposed to the Court on 9/30 (ECF 1199 ¶ 10) is an appropriate schedule.

Will you be able to provide plaintiffs' position by the end of this week? If not, please let us know when we can expect plaintiffs' position. We think it will be fruitful to have it before any meet & confer and remain available to meet & confer.

Best,
Veronica

**Veronica M. Bosco**
Senior Associate

**Freshfields US LLP**
3 World Trade Center
175 Greenwich Street, 51st Floor
New York, NY 10007
**T** +1 646-440-1863 **| M** +1 929-266-7982

This email (and any attachments) is confidential and may well also be legally privileged. If you have received it in error, please notify the sender immediately (by telephone or by email) and delete all copies of this email (and any attachments) from your system. Do not copy it, use it for any purpose or disclose its contents to any other person.

Freshfields US LLP is a limited liability partnership organized under the laws of the State of New York. For further regulatory information please see this Legal Notice.

For information about how Freshfields processes personal data please refer to this Privacy notice. For further information about Freshfields, please refer to our website at www.freshfields.com.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields US LLP or any associated firms or entities.